877 F.2d 60
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Morris HILL, Defendant-Appellant.
 No. 88-5143.
 United States Court of Appeals, Fourth Circuit.
 Argued March 10, 1989.
Decided May 26, 1989.
Rehearing Denied June 22, 1989.
 
 Thomas Karlton Knight (Leonard, Biggers & Knight, P.A. on brief) for appellant.
 Clifford C. Marshall, Jr. (Thomas J. Ashcraft, United States Attorney, Max O. Cogburn, Jr., Assistant United States Attorney on brief) for appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and RICHARD L. WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant, Gregory Morris Hill, claims that the investigatory stop which resulted in his arrest for possession of a firearm while committing the felony of possession of cocaine with intent to distribute was invalid because the officer lacked a reasonable and articulable suspicion of criminal activity. We affirm the district court's denial of Hill's motion to suppress the firearm.
 
 I.
 
 2
 On December 28, 1986, Officer Steve Siske, a detective with the Asheville Police Department, arrested Kelly Mercer, a known prostitute and cocaine user, for solicitation for the purpose of prostitution and possession of hypodermic syringes. During her post-arrest interview Mercer described to Siske the manner in which she obtained her drugs. Mercer described her suppliers as two black men who, along with a white person, rented a house in West Asheville. Mercer said that she would place a call and either go to the house herself to collect the cocaine or have it delivered to her on the street.
 
 
 3
 Officer Siske received corroboration of Mercer's story from informants who said that cocaine was generally delivered in the Ashland Avenue area to prostitutes who arranged the deals by telephone and paging devices. The day before Hill was arrested, January 4, 1987, Officer Siske had seen Mercer exit the vehicle of a known cocaine dealer near Cox Avenue.
 
 
 4
 On January 5, 1987, Officer Siske, who was patrolling downtown Asheville at approximately 11:30 p.m., observed Kelly Mercer attempting to make a phone call from a pay phone at the corner of Rankin Avenue and College Street. This was not an area of town usually frequented by prostitutes at that time of night. After Mercer made the call she remained in the area. A car pulled up and Mercer got into the left rear seat behind the driver, who was a black male. Next to the driver, in the passenger's seat, was a black female. The license plate identified the vehicle as a rental car; the officer knew rental cars were frequently used in drug deals. Based on this information, the officer stopped the vehicle. A subsequent search uncovered several packets of cocaine inside and outside the car and a .22 caliber revolver, which was located under an armrest between the driver's and passenger's seat. Gregory Hill, the driver of the car, admitted that the cocaine and the weapon belonged to him.
 
 
 5
 Hill was charged in the Western District of North Carolina with possession of a firearm while committing the felony of possession of cocaine with intent to distribute, a violation of 18 U.S.C. Sec. 924(c)(1). Prior to trial Hill moved to suppress the introduction of the firearm. After an evidentiary hearing, Hill's motion was denied. He now appeals his conviction and seeks a new trial, claiming a violation of his rights under the Fourth Amendment.
 
 II.
 
 6
 Hill asserts that at the time his car was stopped, Officer Siske could not have possessed the reasonable, articulable suspicion required under Terry v. Ohio, 392 U.S. 1 (1968), to justify an investigative stop. We disagree.
 
 
 7
 Law enforcement officials may stop an automobile to investigate a reasonable suspicion that its occupants are engaged in criminal activity. United States v. Cortez, 449 U.S. 411, 417-18 (1981). Several factors combine to justify the investigative stop in this case. Mercer was a known cocaine user; when last arrested she had provided the police a description of the method by which she obtained illegal drugs. She stated that she bought her drugs by first telephoning the drug dealer and then either going to the drug dealer's home or waiting on the street for the dealer to pick her up, making the transaction in the car. This description had been confirmed by informants.
 
 
 8
 On the night of January 5, several unusual events triggered the officer's suspicion that Mercer was buying drugs. Mercer was in an area not usually frequented by prostitutes at nighttime. Mercer placed a telephone call and appeared to be waiting for someone. It was Officer Siske's experience that drug dealers frequently used rented cars, and the car which picked up Mercer had rental plates. Although the events that evening may have deviated in some minor respects from the description provided to Officer Siske by Mercer, they clearly paralleled that description closely enough to create an articulable suspicion. The activities of Mercer, combined with her prior description of drug dealing, were sufficiently suspicious to warrant the stop.
 
 The judgment of conviction is hereby
 
 9
 AFFIRMED.